This wait amounted to more than the 'normal' 30-day period suggested by the Second Circuit as a reasonable period for a petitioner to return to federal jurisdiction, and the record offers no reason for the two-month delay.

For the reasons set out above, we AFFIRM the judgment of the district court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0001P (6th Cir.)
File Name: 02a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

DAVID PALMER,
         *Petitioner-Appellant,*

         *v.*                                    No. 99-5952

HOWARD CARLTON, Warden,
         *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 99-00267—James H. Jarvis, District Judge.

Argued: September 13, 2001

Decided and Filed: January 4, 2002

Before: DAUGHTREY, GILMAN, and GIBSON, Circuit
Judges.[*]

———————————

## COUNSEL

**ARGUED:** David B. Hill, Newport, Tennessee, for Appellant.   Elizabeth B. Marney, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE DIVISION,

———————————

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Nashville, Tennessee, for Appellee. **ON BRIEF:** David B. Hill, Newport, Tennessee, for Appellant. Elizabeth B. Marney, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE DIVISION, Nashville, Tennessee, for Appellee. David Palmer, Mountain City, Tennessee, pro se.

---

## OPINION

---

MARTHA CRAIG DAUGHTREY, Circuit Judge. The petitioner, Tennessee state prisoner David Palmer, appeals the district court's *sua sponte* dismissal of his petition for a writ of habeas corpus. The court held that the petition was time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), because Palmer's state post-conviction action was not "properly filed" so as to toll AEDPA's limitations period. However, our review indicates that an intervening United States Supreme Court case, *Artuz v. Bennett*, 531 U.S. 4 (2000), has rendered the district court's rationale erroneous. Nevertheless, the State has proposed an alternative ground upon which the dismissal of Palmer's case may be affirmed, and we have determined that the district court's denial of relief should be upheld on that basis. But, in doing so, we note the recent opinion of a sister circuit, *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), that might have provided Palmer with a basis for federal relief, had the factual circumstances been slightly different in his case.

The district judge who dismissed Palmer's petition ruled that it was untimely pursuant to the one-year grace period established to accommodate those petitioners whose state convictions became final prior to April 24, 1996, AEDPA's effective date. *See Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1211 (2001). The district judge also determined that the petitioner's state post-conviction petition was not "properly filed" pursuant to the AEDPA provision that tolls the one-year limitations period for the "time during which a properly filed

To achieve the objective of *Rose v. Lundy*, 455 U.S. 509 (1982), as reenforced by AEDPA, *see* 28 U.S.C. § 2254(b)(1)(A), which is to assure that a district court will not grant relief on unexhausted claims, the Second Circuit established the following framework for circumstances in which a dismissal without prejudice "'could jeopardize the timeliness of a collateral attack.'" *Zarvela*, 254 F.3d at 380 (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)). A district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. *Id*. To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies, the court imposed a brief, reasonable time limit upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id*. at 381. "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*. In addition, the court ruled that the defendant's first habeas petition should have been stayed since complete dismissal jeopardized the timeliness of his collateral attack. *Id*. at 382.

The Second Circuit approach is eminently reasonable. It addresses the equitable concerns raised by Justice Stevens in *Duncan*, preserves the interests in comity embraced by *Lundy*, and prevents the potential abuse of the writ perpetrated by some petitioners. As countenanced by Justice Stevens, Congress could not have desired the outcome facing Palmer: the preclusion of a timely-filed petition for the writ due to the need to accord state courts the opportunity to adjudicate claims.

Nevertheless, adoption of the Second Circuit's approach in this case would not afford Palmer the relief he seeks. Although his state-court remedies were exhausted on March 22, 1999, he waited until May 24, 1999, before he returned to federal court and filed a second habeas petition.

court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V),and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Id*.

Second, relying upon a "reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA," Justice Stevens proposed that district courts equitably toll the limitations period during the time that a first habeas petition is pending before a dismissal without prejudice. *Id*. In addition, Justice Stevens noted that neither of his suggestions contravened the "narrow holding" of the majority opinion in *Duncan*, *id*. at 2130, and the majority agreed by declaring that Justice Stevens's concern presented an issue that was not before the Court, *id*. at 2129.

In circumstances similar to the case at bar, the Second Circuit adopted the alternative approach recommended by Justice Stevens. In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the court addressed a situation in which a defendant's first habeas petition was dismissed without prejudice on non-exhaustion grounds. The first petition was filed with only two days of eligibility remaining on his grace period. The defendant filed for state post-conviction relief only nine days after the dismissal of his first petition. Fourteen days after the final disposition of his unexhausted claims in state court, the defendant filed a second habeas petition, but the district court dismissed the petition with prejudice because he exceeded his grace period by nine days, excluding other "tollable" days. *Id*. at 377-78.

application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Hence, the court held, the one-year grace period to which § 2244(d)(2) applies was not tolled. The petitioner now appeals that determination.

Palmer was convicted of aggravated rape in state court in 1987 and was sentenced to 40 years imprisonment. He filed his first petition for post-conviction relief in 1990. This litigation was unsuccessful, and he filed a second petition in July 1995. That petition was dismissed by the state trial court in February 1996, and the Tennessee Court of Criminal Appeals affirmed the dismissal on July 25, 1997. On December 8, 1997, the Tennessee Supreme Court denied Palmer's application for permission to appeal, and one year later to the day, on December 8, 1998, Palmer filed his habeas petition in federal court.

On March 2, 1999, the federal district court granted Palmer's motion for voluntary dismissal, without prejudice, in order to permit the exhaustion of state remedies. On May 24, 1999, Palmer refiled his habeas petition in federal district court, but it was dismissed two weeks later, with prejudice, on the ground that it was untimely. The district court held that AEDPA applied and that the Act's one-year limitations period had not been tolled by the second state post-conviction petition because the state petition was not "properly filed" under AEDPA. This ruling was based on the state court decision that Palmer's second post-conviction petition was barred because its underlying claims had been previously determined or waived when not raised in his first post-conviction petition.

That interpretation of the Act has since proved to be incorrect. In *Artuz v. Bennett*, the Court clarified the meaning of the phrase "properly filed" as it is used in the tolling provision of 28 U.S.C. § 2244(d)(2), as follows:

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually

prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . But in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar."

*Bennett*, 531 U.S. at 8-9 (citations and footnote omitted) (emphasis in original). Thus, the district court erred in concluding that Palmer's second post-conviction petition was not "properly filed," and the State concedes as much in its brief to the court.

The State urges, however, that dismissal of Palmer's habeas petition may still rest upon the failure to refile it within the prescribed limitations period. As indicated above, the second post-conviction petition tolled the period until December 8, 1997, the date on which the leave to appeal the petition was denied by the Tennessee Supreme Court. Palmer waited until December 8, 1998, the entire one-year period, to file his federal habeas petition. Although the habeas petition was initially timely, the period expired on the day that it was filed. When that petition was dismissed without prejudice on March 2, 1999, to allow exhaustion of a ground for relief in state court, the refiling on May 24, 1999, was untimely. *See Duncan v. Walker*, 533 U.S. 167, ___, 121 S. Ct. 2120, 2129 (2001) (federal habeas petition is not an application for "State post-conviction or *other collateral review*" within the meaning of § 2244(d)(2) and thus does not toll the period of limitations) (emphasis added). As a result, Palmer could not validly refile his habeas petition because the limitations period under AEDPA had run out on the date of his initial filing.

Palmer attempts to circumvent this procedural obstacle by arguing that a "petition for declaratory order" that he filed in state court in August 1997 was not finally dismissed until March 22, 1999, and that it should also be considered to be a post-conviction petition that tolled the limitations period. But

even if this filing could qualify as a post-conviction petition under state law, it is clear from the state appeals court's decision that this pleading did not present a federal question for review. Because "a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)," Palmer's argument fails as a matter of law. *Austin v. Mitchell*, 200 F.3d 391, 394 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000).

In addition, Palmer asserts that his second state post-conviction petition did not become final until the expiration of the 90-day window that he had in which to petition the United State Supreme Court for a writ of certiorari. We have held, however, that "§ 2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief." *Isham*, 226 F.3d at 695.

Hence, for reasons other than those announced by the district court, the judgment denying Palmer relief in this case must be affirmed. In so holding, however, we take note of the analysis put forward in *Duncan*, *supra*, in which Justice Stevens, in a concurring opinion joined by Justice Souter, remarked that "Congress . . . overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan*, 121 S. Ct. at 2130. To circumvent this anomaly, Justice Stevens recommended two alternative courses of action a district court might undertake. First, Justice Stevens suggested that district courts implement a stay over habeas proceedings until unexhausted claims are addressed in state courts:

> [A]lthough the Court's pre-AEDPA decision in Rose v. Lundy . . . prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district