**Titus GODBOLT, Plaintiff–Appellant,**

**v.**

**Harry K. RUSSELL, Warden, Defendant–Appellee.**

**No. 01–4002.**

United States Court of Appeals, Sixth Circuit.

Nov. 18, 2003.

448

Barbara A. Farnbacher, Columbus, OH, for Petitioner-Appellant.

Thelma T. Price, Office of the Attorney General, Columbus, OH, for Respondent-Appellee.

Before BOGGS, Chief Circuit Judge, RYAN, Circuit Judge; and ROSEN, District Judge.*

PER CURIAM.

Titus Godbolt is an Ohio state prisoner, appealing a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Godbolt filed his petition in district court one day before the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), had elapsed. The district court dismissed his petition for failure to exhaust state remedies on one of his claims: ineffective assistance of trial counsel. Although the district court dismissed Godbolt's claims without prejudice, Godbolt is now precluded from federal review of his writ of habeas corpus because AEDPA's one-year

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

deadline expired while the district court was dealing with Godbolt's petition. Godbolt appeals the district court order on two grounds. First, he contends that he *had* effectively exhausted his claim for ineffective assistance of trial counsel, because pursuing postconviction relief on his claim in Ohio would have been futile. Second, Godbolt argues that even if his claim for ineffective assistance of trial counsel was unexhausted, the district court should have dismissed only the unexhausted claim, not the entire petition, or should have stayed the petition while Godbolt completed exhaustion on *that* claim, since a complete dismissal will effectively bar any federal review of his collateral attack on his conviction.

We affirm the district court's decision that Godbolt's claim for ineffective assistance of trial counsel was not exhausted. We also affirm the district court's decision to dismiss, holding that any error committed was harmless.

## I

Godbolt argues that all of his claims were exhausted, including the claim for ineffective assistance of trial counsel, because a state appeal on this claim would not have been timely under Ohio Rev.Code § 2953.23 and because he claims that trial counsel ineffectiveness can be raised in a post-conviction action only if the claim relies on evidence outside of the record. Since his claim does not rely on evidence outside the record, he contends that he would be barred by *res judicata* from raising the claim in a post-conviction petition.

■ First, Godbolt was represented by the same counsel at trial as he was on his direct appeal. As a result, *res judicata* would *not* have barred his claim. This is clear from the Ohio case of *State v. Lentz,* 70 Ohio St.3d 527, 639 N.E.2d 784, 785 (1994), in which the court stated that *"res*

*judicata* does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief." (quoting *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169, 171 n. 1 (1982)). This statement does not distinguish between appeals relying on evidence inside or outside of the record and relies instead on the logic that a counsel cannot realistically be expected on appeal to argue his own incompetence.

■ Second, Godbolt argues that he is barred by Ohio Rev.Code § 2953.21(A)(2), which sets a time limit for filing postconviction petitions for relief in Ohio courts. Specifically, the statute requires that a petition be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal for the judgment of conviction." Ohio Rev.Code § 2953.21(A)(2). There is no dispute that Godbolt was outside of this limitations period when he initially filed his petition for a writ of habeas corpus with the district court on August 30, 2000, and Godbolt contends that he does not qualify for any of the exceptions for late filing of a petition contained in the statute. Although Godbolt would be filing an untimely petition, Ohio Rev.Code § 2953.23 provides that a court can entertain a petition filed outside of the 180–day period, if "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" *or* if subsequent to the limitations period prescribed in § 2953.21 or to the filing of an earlier petition, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based upon that right" *and,* in addition to meeting one of the foregoing conditions,

"the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of which the petitioner was convicted."

No matter how unlikely it seems that Godbolt's petition will fall within the narrow exception contained in the statute, it is for the state courts to interpret and enforce their laws on such issues. *See Israfil v. Russell*, 276 F.3d 768, 771–72 (6th Cir. 2001) (holding that it was proper for the district court to defer to the state court's findings as to whether a petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements). In addition, Godbolt did not explain to the district court what circumstances prevented him from filing a post-conviction petition in a timely manner and thus the district court had no means by which to judge the likelihood of his success. For the foregoing reasons, we affirm the district court's determination that Godbolt had not exhausted his claim for ineffective assistance of trial counsel.

## II

■ The Supreme Court's decision in *Rose v. Lundy*, 455 U.S. 509, 515–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), is typically relied upon for the proposition that a habeas corpus petition which consists of both exhausted and unexhausted claims, otherwise known as a "mixed" petition, cannot be granted, since all of the claims must be exhausted, and should therefore be dismissed. Nevertheless, *Rose* was decided prior to the enactment of AEDPA, and some circuits, on the basis of Justice Stevens's concurrence in a more recent Supreme Court case, *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), have taken the position that district courts, in light of the strict one-year statute of limitations contained in AEDPA, should exercise their discretion to dismiss only the unexhausted claims and stay proceedings on the remaining claims, especially when a complete dismissal might "jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.), *cert. denied*, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001).

In *Duncan*, the Court held that a federal habeas petition is not an application for "State post-conviction or other collateral review" within the meaning of § 2244(d)(2) and thus does not toll the period of limitations. As a result, a petitioner cannot validly refile a petition if the limitations period under AEDPA runs out before the district court dismisses the claim. Justice Stevens recognized this issue in *Duncan* and discussed how he thought courts should deal with petitions in order to minimize this problem:

> [A]lthough the Court's pre-AEDPA decision in *Rose v. Lundy* prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but non-meritorious claims, and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1–year limitations period.

*Duncan*, 533 U.S. at 182–83 (Stevens, J., concurring in part and concurring in the judgment) (citations omitted).

The Second Circuit has adopted this approach in *Zarvela*. In *Zarvela*, a prisoner filed a petition for a writ of habeas corpus two days before the one-year limitations

period of AEDPA had expired. The petitioner shortly thereafter, before the court had taken any action, wrote to the district judge, "seeking permission to withdraw his petition, without prejudice to renewal at a later date, so that he could present a new claim to the state courts." 254 F.3d at 377. The district court granted his motion to withdraw and marked the case closed. The petitioner pursued his new claim based on information he had obtained from a freedom of information request, and eventually, after meeting with no success on this new claim, the petitioner returned to file another federal habeas petition with the district court, including only the exhausted claims from the first petition, plus the new claim that had just been rejected by the state courts.

The district court dismissed the petition as untimely, even though the court did not count the time during which the petitioner had been pursuing the new claim in state court. The Second Circuit noted the difficulties faced by petitioners under these circumstances:

This case illustrates the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus. First, he is required to exhaust in the state courts any constitutional claim he seeks to present in federal court. *See Daye v. Attorney General,* 696 F.2d 186, 190–92 (2d Cir.1982) (in banc) [sic]. If he fails to realize that one or more of his claims has not been fully exhausted (a matter that is not necessarily obvious), he will be considered to have filed a so-called "mixed petition," in which event the district court must either send him back to state court or afford him the opportunity to abandon his unexhausted claims and proceed only with his exhausted claims. *Rose v. Lundy,* 455 U.S. 509, 519–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). If after filing a habeas petition with fully exhausted claims, he wishes to present a new claim, he must endeavor to amend a still pending petition, *cf. Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir.2000) (new claim does not relate back to dismissed petition), because filing the new claim in a second petition will encounter the severe limitations that AEDPA imposes on the filing of second or successive petitions. 28 U.S.C. § 2244(b)(2). If his petition contains unexhausted claims that he wishes to pursue, he must return to state court and exhaust these claims. Finally, he must make sure that he has complied with the one-year statute of limitations that AEDPA establishes for filing habeas petitions. 28 U.S.C. § 2244(d).

*Id.* at 378–79. (footnote omitted). The court concluded that although the petitioner had not requested a stay, he should nevertheless have received one. In addition, to address the concern that a petitioner might take an undue amount of time to pursue state court remedies, the court noted that it was proper to provide a time limit to the petitioner, for him to present claims to the state courts and return to the federal court, "normally 30 days" after a stay is entered by the federal district court, and 30 days after exhaustion is completed in state court. *Id.* at 381. The court noted that "[i]f either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Ibid.*

The First, Seventh, and Ninth Circuits have taken a somewhat similar approach to this question, although the degree of discretion given to the district court in this matter appears to vary. *See, e.g., Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 79 (1st Cir.2002) (holding that district courts should "take seriously any request for a stay."); *Free-*

*man v. Page,* 208 F.3d 572, 577 (7th Cir. 2000), (holding that "dismissal is not appropriate when that step could jeopardize the timeliness of a collateral attack."); *James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000) (noting that it has "long held that a federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal."); *Anthony v. Cambra,* 236 F.3d 568, 573 (9th Cir.2000) (approving district court's holding that "[t]he new statute of limitation on the filing of federal habeas corpus petitions requires that district courts provide prisoners who file mixed petitions with an opportunity to strike their unexhausted claims and amend or resubmit their petitions so that their amendment or resubmission can relate back to the date of the original filing and not be time barred.")

In this circuit, we have embraced the Second Circuit's approach. In *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir.2002), we noted that the "Second Circuit's approach is eminently reasonable" and then affirmed a district court's dismissal of a petitioner's writ for habeas corpus because the petitioner had taken too long to return to federal court after exhausting his claim in state court. In *Palmer,* the petitioner waited over two months before coming back to federal court, which amounted to more than the "normal" 30–day period suggested by the Second Circuit, so the panel affirmed the district court's dismissal. *Ibid.*

In *Hargrove v. Brigano,* 300 F.3d 717 (6th Cir.2002), we affirmed a district court's decision to toll the statute of limitations beginning on the day the petition was filed in federal court, with the caveat that the petitioner must pursue his state remedies within thirty days of the district court's order and must return to federal court within thirty days of having exhausted his state remedies. We held that the district court's action in this case "achieved the same result reached in *Zarvela* and approved [of] in *Palmer." Id.* at 721. The principle appears clear: A district court should, when faced with a petition for which the one-year statute of limitation has expired, stay that petition if it contains an unexhausted claim with the condition that the petitioner present his unexhausted claim to the state courts within thirty days and return to the federal courts within thirty days of having exhausted his claim, or permit the petitioner to amend his petition so as to abandon the unexhausted claim.

However, not only did Godbolt not ask the court to allow a stay or amendment of his petition, both *Palmer* and *Hargrove* were decided after the district court had rendered its decision in Godbolt's case and thus the court did not have the benefit of such guidance. Furthermore, Godbolt states in his brief on appeal that he returned to the Licking County Court of Common Pleas and filed a post-conviction petition under Ohio Rev.Code § 2953.21 on March 5, 2002, which was denied on March 20, 2002. Godbolt's petition was therefore filed in state court more than six months after the district court dismissed the petition, which is considerably longer than the 30–day period we adopted in *Palmer.* We therefore affirm the district court's dismissal, on the basis of harmless error. *See* Fed.R.Civ.P. 61, which is applicable to § 2254 cases, to the extent that it does not conflict with the specific rules governing § 2254 cases, by Rule 11 of the Rules Governing Section 2254 cases.

### III

For the reasons given above, we AFFIRM the district court's judgment.