No. 04-1387
File Name: 05a0474n.06
Filed: June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES MCMURRAY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| DEBRA SCUTT, Warden, | ) | District of Michigan |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: MARTIN and ROGERS, Circuit Judges; MCKINLEY, District Judge.[*]

Charles McMurray, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 1976, a jury found McMurray guilty of armed robbery and unlawfully driving away an automobile. The trial court sentenced him to life imprisonment for the armed robbery and forty to sixty months for theft of an automobile, with the sentences to run consecutively. The Michigan Court of Appeals affirmed McMurray's conviction, and the Michigan Supreme Court denied his application for leave to appeal on December 2, 1982.

McMurray subsequently filed a motion for a new trial, which the trial court denied. On August 21, 1985, the Michigan Court of Appeals denied his application for leave to appeal. McMurray did not petition the Michigan Supreme Court.

---

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

On April 23, 1997, McMurray filed his first petition for a writ of habeas corpus. While this action was pending, on November 18, 1998, McMurray also filed a motion for relief from judgment with the state trial court. By stipulation of the parties, the district court dismissed McMurray's § 2254 petition without prejudice in order to allow him to submit his unexhausted claims to the state courts. The state trial court subsequently denied McMurray's motion for relief from judgment, and the Michigan Court of Appeals denied his delayed application for leave to appeal. McMurray attempted to file an appeal with the Michigan Supreme Court, but the clerk would not file the application because it was received on July 16, 2002, one day past the fifty-six-day limitation period.

On May 29, 2003, McMurray signed his present § 2254 petition. The Warden filed a motion for summary judgment, asserting that the petition was barred by the one-year statute of limitations, and McMurray filed a reply. The district court granted the Warden's motion and dismissed the petition with prejudice. The district court subsequently granted McMurray's motion for a certificate of appealability and certified the following issue: "Whether Petitioner's *habeas* petition was filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d)."

"The dismissal of a habeas petition by the district court as barred by 28 U.S.C. § 2244's statute of limitations is reviewed de novo." *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Because McMurray's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act, this court's review of the case is governed by those provisions. *See Smith v. Stegall*, 385 F.3d 993, 997 (6th Cir. 2004), *petition for cert. filed* (U.S. Feb. 11, 2005) (No. 04-9243).

The act contains a one-year statute of limitations during which a state prisoner must file his § 2254 petition. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Because McMurray's judgment became final before the act was enacted, McMurray had a one-year grace period, lasting until April 24, 1997, in which to file his federal habeas corpus petition. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).

Through counsel, McMurray filed his first § 2254 petition on April 23, 1997, one day before

the statute of limitations expired. By stipulation of both parties, this petition was dismissed without prejudice on December 8, 1998. A petition for a federal writ of habeas corpus does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), and therefore, the one-year statute of limitations expired on April 24, 1997. McMurray filed his motion for relief from judgment with the state trial court on November 11, 1998. A properly filed application for state post-conviction relief will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). When McMurray filed his motion for post-conviction relief with the state trial court, nothing was left of the one-year statute of limitations to toll. McMurray's current petition for a writ of habeas corpus, signed on May 29, 2003, is barred unless the statute of limitations is equitably tolled. McMurray bears the burden of persuading the court that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) ("*Griffin I*").

A district court, faced with a "mixed" petition of exhausted and unexhausted claims, "should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court." *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Because the district court did not have the benefit of *Palmer* when it dismissed McMurray's first § 2254 petition, this court must determine whether equitable tolling principles apply. "[A] petitioner in [McMurray's] situation is entitled to equitable tolling provided that the petitioner filed in state court within thirty days of the federal court dismissal and returned to federal court no later than thirty days following state court exhaustion." *Griffin I*, 308 F.3d at 653; *see also Palmer*, 276 F.3d at 781. *Palmer* established a form of mandatory equitable tolling, which is separate from the traditional equitable tolling outlined by this court in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). If a petitioner fails to qualify for mandatory equitable tolling, he may still qualify for traditional equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) ("*Griffin II*").

Although McMurray timely filed his motion for post-conviction relief with the state court, actually filing the motion before his first § 2254 petition was dismissed, he did not return to the

district court with the same alacrity. The end of state court review of his claims came on July 15, 2002, the last day on which McMurray could have filed a delayed application for leave to appeal with the Michigan Supreme Court. McMurray signed his present petition for a writ of habeas corpus 318 days later on May 29, 2003. McMurray's delay precludes mandatory equitable tolling. *See Palmer*, 276 F.3d at 781-82.

Traditional equitable tolling is also inappropriate. A traditional equitable tolling analysis includes the following five factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

McMurray argued that he lacked actual notice. Although " '[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling,' " *Warren v. Lewis,* 365 F.3d 529, 532 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)), reasonable ignorance of the filing deadline, "given the unstable and unsettled nature of AEDPA at the crucial time of mistake," may support equitable tolling. *Griffin II*, 399 F.3d at 637. Even if McMurray was confused about the implications of the dismissal of a timely filed mixed petition, *Palmer*, which was filed on January 4, 2002, provided him with constructive knowledge of the filing requirements. Despite *Palmer*, after the Michigan Supreme Court rejected as untimely McMurray's application for leave to appeal, he waited over ten months before returning to the district court. McMurray did not demonstrate the type of diligence necessary to support equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003). McMurray's situation is distinguishable from the factual circumstances in *Griffin II*, where the petitioner missed the 30-day window in returning to the state court three years before this court decided *Palmer. See Griffin II*, 399 F.3d at 636.

Judgment affirmed.