**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1112n.06

**Nos. 09-1671/09-2511**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEROME SUEING, | ) | **FILED**<br>*Oct 26, 2012*<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Petitioner - Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CARMEN PALMER, Warden; KENNETH T. | ) | |
| MCKEE, Warden, | ) | OPINION |
| | ) | |
| Respondents - Appellees. | ) | |

Before: MOORE, SUTTON, and STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge. Jerome Sueing ("Petitioner"), a Michigan inmate, filed

a timely habeas petition under 28 U.S.C. § 2254 that contained both exhausted and unexhausted

claims. The district court dismissed the petition without prejudice for failure to exhaust state

remedies. Later, but still within the federal limitations period, Petitioner asked the court to grant one

of several forms of relief, including ruling on his exhausted claims. The district court construed

Petitioner's letter request as a motion filed under Federal Rule of Civil Procedure 60(b) and denied

it. Petitioner appealed (No. 09-1671). Petitioner then filed a § 2254 petition containing only

exhausted claims. The district court dismissed the petition with prejudice as barred by the statute

of limitations, and Petitioner again appealed (No. 09-2511). For the reasons stated below, we

REVERSE and REMAND in Appeal No. 09-1671 and DISMISS AS MOOT Appeal No. 09-2511.

## I.  PROCEDURAL HISTORY

A Michigan state court jury convicted Petitioner of indecent exposure.  The trial court imposed a sentence of five to eight years in prison.

On direct appeal, the Michigan Court of Appeals affirmed, *People v. Sueing*, No. 268490, 2007 WL 2331046 (Mich. Ct. App. Aug. 16, 2007) (unpublished per curiam), and denied a motion for reconsideration.  The Michigan Supreme Court denied review.  *People v. Sueing*, 743 N.W.2d 15 (Mich. 2008).  The United States Supreme Court denied a petition for a writ of certiorari, *Sueing v. Michigan*, 552 U.S. 1268 (2008), and also denied rehearing, *Sueing v. Michigan*, 553 U.S. 1027 (2008).  Having completed his appeals on direct review, Petitioner had one year, until April 28, 2009, to file a federal habeas petition.  28 U.S.C. § 2244 (d)(1)(A).

In September 2008, well within the limitations period, Petitioner filed a § 2254 habeas petition alleging eight grounds for relief.  The following month the district court dismissed the petition without prejudice for failure to exhaust state remedies.  *Sueing v. Palmer*, No. 1:08-cv-932, 2008 WL 4820505 (W.D. Mich. Oct. 31, 2008) (citing *Rose v. Lundy*, 455 U.S. 609 (1982)).  The court recognized that the federal limitations period was running and was not tolled during the pendency of the § 2254 petition.  28 U.S.C. § 2244(d)(1); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).  The court also acknowledged our instruction in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), that, when faced with a mixed petition containing both exhausted and unexhausted claims, "the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court."  *Sueing*,

2008 WL 4820505, at *4 (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2007), and *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002)).

The district court decided, however, that a stay under *Rhines* and *Palmer* was unnecessary because more than sixty days remained in the federal limitations period. *Id.* at *5. The court explained in the dismissal order that if Petitioner promptly filed a motion for relief from judgment in state court within thirty days after the dismissal of his federal habeas petition, the state filing would toll the federal limitations period until the Michigan Supreme Court issued its decision on the state filing. Petitioner would then have sufficient time to file a habeas petition in federal court containing only exhausted claims. Because Petitioner was "not in danger of running afoul of the statute of limitations," the court declined to grant a stay of the exhausted claims. *Id.* The court further advised Petitioner that, if he elected not to pursue a motion for relief from judgment in state court, he should promptly file a habeas petition raising only exhausted claims before expiration of the limitations period. *Id.* The court simultaneously entered judgment and denied a certificate of appealability. *Id.* at **5–6. Petitioner did not appeal.

Upon receiving a copy of the dismissal order, Petitioner began preparing a motion for relief from judgment to be filed in state court. Prison authorities transferred him to another prison and, upon his arrival at the new facility on January 14, 2009, prison staff confiscated his legal property, including his work on the motion for relief from judgment. Petitioner filed a grievance challenging the confiscation of his legal property. Following an administrative hearing on January 28, 2009, prison authorities returned most of Petitioner's legal property, but they did not return his nearly completed draft of the motion for relief from judgment. Petitioner re-created the motion, a task

3

made more difficult by his limited access to the prison law library and lack of funds to copy legal materials.

On April 20, 2009, eight days before expiration of the federal limitations period, Petitioner asked the district court by letter to take one of four actions: grant a stay-and-abeyance, extend the time for filing a § 2254 petition, provide him with further guidance, or rule on all exhausted issues. The following day, Petitioner mailed his completed motion for relief from judgment to the clerk of the state court, but the clerk returned the motion to him for signature, and by the time the motion was officially filed in state court, the federal limitations period had expired.

The district court declined to grant any of the relief that Petitioner requested in his letter. The court treated the letter as a motion to set aside the judgment dismissing the habeas petition without prejudice, *see* Fed. R. Civ. P. 60(b), and denied the motion because Petitioner did not demonstrate entitlement to relief on any ground listed in that rule. In addition, the court observed that Petitioner had not re-filed a habeas petition containing only exhausted claims within the limitations period. Concluding that it had no power to extend the limitations period, the court advised Petitioner to file a habeas petition containing only exhausted claims and seek equitable tolling of the limitations period. The court declined to grant equitable tolling prospectively. Petitioner filed a timely notice of appeal from the ruling. (No. 09-1671) This Court granted a certificate of appealability and appointed counsel for Petitioner.

Petitioner then filed a federal habeas petition containing only exhausted claims. *Sueing v. McKee*, Case No. 1:09-cv-479-JTN-ESC. The magistrate judge recommended that the district court deny equitable tolling and dismiss the petition with prejudice as time-barred. Over Petitioner's

objections, the district court followed the recommendation and dismissed the petition with prejudice. Petitioner filed a timely notice of appeal. (No. 09-2511) This Court granted a certificate of appealability and then consolidated Petitioner's two appeals.

## II. ANALYSIS

Petitioner has been denied federal habeas review on any of his claims, even though during the federal limitations period he filed a mixed habeas petition and a letter to the court seeking a ruling on exhausted claims. Both the Supreme Court and this court have expressed the intention to avoid such outcomes: to fulfill that intention, district courts have been given the discretion to stay proceedings on exhausted claims while the habeas petitioner returns to state court to exhaust state remedies on the remaining claims. *See Rhines*, 544 U.S. at 277; *Palmer*, 276 F.3d at 781. In *Griffin v. Rogers*, 308 F.3d 647, 654 (6th Cir. 2002), we stated that *Palmer* provides periods of "mandatory equitable tolling" for petitioners who timely file habeas petitions, but are forced to return to state court to exhaust claims. And in *Banks v. Jackson*, 149 F. App'x 414, 421 (6th Cir. 2005), we observed that "district courts confronted with a mixed petition containing potentially meritorious, unexhausted claims, should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition without prejudice."

Despite these important principles, we find the record insufficient to show that Petitioner could have obtained stay-and-abeyance under *Rhines* and *Palmer*. It was Petitioner's burden to demonstrate to the district court that he had good cause for failing to exhaust his claims in state court, that his unexhausted claims were not plainly without merit, and that he had not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277–78. We have found no

5

indication in the record that Petitioner tried to make these showings. Moreover, if Petitioner disagreed with the district court's decision to dismiss his habeas petition without prejudice rather than to grant stay-and-abeyance, his remedy was to pursue an appeal to this court. He did not do so.

Therefore, the case turns on the treatment of the letter Petitioner sent to the court during the limitations period. The district court held the letter to the Rule 60(b) standard and denied it. This ruling was erroneous as a matter of law. *See Miller v. Collins*, 305 F.3d 491, 493 (6th Cir. 2002) (adopting *de novo* review of legal conclusions). Petitioner did not ask the court to set aside the judgment dismissing the habeas petition without prejudice; therefore, Rule 60(b) did not apply. Petitioner's primary requests were that the court extend the limitations period or rule on the exhausted claims. Faced with such requests, we conclude that the district court should have construed the letter as a new habeas petition filed within the limitations period. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The letter specifically referred to exhausted claims, and the court knew which claims were exhausted because the court previously listed them upon dismissing the habeas petition without prejudice. Further, in the dismissed petition, the Petitioner had adequately specified the grounds for relief on the exhausted claims, stated facts supporting those grounds, and stated the relief requested, as required by Rule 2 of the Rules Governing Section 2254 Cases. *See Johnson v. United States*, 457 F. App'x 462, 466–67 (6th Cir. 2012).

### III. CONCLUSION

Accordingly, the district court erred when it construed Petitioner's letter as a Rule 60(b) motion and denied it. Rather than bar Petitioner from all federal habeas review despite his timely filings, the district court should have construed the letter as a re-filed habeas petition. On remand,

the court should require Petitioner to file an amended petition stating all of his exhausted claims, including those which he exhausted in the motion for relief from judgment filed in state court. Claims that arise from a "common core of operative facts" relate back to Petitioner's timely habeas petition. *See Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (internal quotation marks omitted). In Appeal No. 09-1671, we REVERSE and REMAND for further proceedings consistent with this opinion. Because we need not address the remaining issues, we DISMISS AS MOOT Appeal No. 09-2511.

**KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part.**

I agree with the majority that the district court should have construed Sueing's April 20, 2009 letter as a new habeas petition filed within the limitations period. I dissent, however, because I believe that after construing the letter as a new habeas petition, the district court should then have granted Sueing's motion for a stay and abeyance. In the April 20, 2009 letter, Sueing explicitly asked for a stay and abeyance and explained that the delay was not intentional. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). With only eight days remaining for Sueing to amend his habeas petition to add his unexhausted claims, the stay and abeyance procedure was proper at that time.