NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0769n.06

No. 12-3454

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 16, 2013*

DEBORAH S. HUNT, Clerk

STEVEN A. BOZSIK,                                )
                                                 )
    Petitioner-Appellant,                        )
                                                 )
v.                                               )
                                                 )     ON APPEAL FROM THE
MARGARET BAGLEY, Warden;                         )     UNITED STATES DISTRICT
JULIUS WILSON, Warden;                           )     COURT FOR THE NORTHERN
RICHARD HALL, Warden,                            )     DISTRICT OF OHIO
                                                 )
    Defendants-Appellees.                        )
                                                 )

BEFORE:  ROGERS and DONALD, Circuit Judges, and ANDERSON, District Judge.[*]

ROGERS, Circuit Judge.  Petitioner Steven Bozsik has challenged his conviction in various ways and at various levels of the state courts of Ohio.  He now makes his third trip to federal court. Because this trip began five years after his first federal habeas petition was dismissed for failure to exhaust state claims, the district court dismissed the current petition as time-barred.  Bozsik now appeals, arguing that equitable tolling applies and that his claims relate back to his original petition. However, the district court properly determined that equitable tolling should not apply in Bozsik's case because he waited too long to return to federal court after exhausting his state claims.

As 1999 drew to a close, Steven Bozsik found himself in deep trouble.  His marriage to his wife, Carol, was falling apart.  She had begun seeing another man and was planning to seek a

---

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

divorce. At the same time, Bozsik found himself deeply in debt. In November of 1999, Bozsik attempted to raise the life-insurance coverage on his wife from $100,000 to $225,000. On the last day of that month, Carol was fatally shot in the family home.

A jury found Bozsik guilty of aggravated murder and murder, both with firearm specifications. The trial court merged the convictions and sentenced Bozsik to life in prison, with parole eligibility after twenty-three years. However, this was only the beginning of Bozsik's excursions through the court systems. First, Bozsik went through the Ohio appeal system, unsuccessfully challenging his conviction in the Ohio Court of Appeals and the Supreme Court of Ohio. The Supreme Court dismissed Bozsik's appeal on May 1st, 2002, ending the direct appeal process.

On January 7th, 2003, Bozsik filed a motion requesting leave to file a motion for a new trial. This motion was rejected as untimely. On July 3rd, 2003, Bozsik filed a state-court petition to vacate or set aside his sentence. This was also dismissed on timeliness grounds. Bozsik appealed this determination and was rejected twice more—by the Ohio Court of Appeals and the Supreme Court of Ohio.

Around the same time, Bozsik made his first trip to federal court, filing his first habeas petition on July 28, 2003. The petition listed five grounds for relief: (1) that the jury ignored the trial court's instructions, (2) that the trial court should have instructed the jury on the lesser included offense of manslaughter, (3) that the trial court admitted improper evidence, (4) that the court improperly denied Bozsik's request for discovery relating to any police investigation of Carol's

boyfriend, and (5) that trial counsel was ineffective. The district court dismissed the petition without prejudice "[b]ecause the petition raises issues on which petitioner has yet to fully exhaust state court remedies." R.5, PageID #16. The district court's ruling discussed a motion to stay that Bozsik filed, which mentioned that he had a petition pending in the state court. This likely referred to the motion to vacate that Bozsik filed earlier that month.

Bozsik's next state-court filing, in November 2003, was a motion asking the court to hold the prosecutors, police, and witnesses involved in his trial in contempt for alleged perjury. This was also denied. At this point, the local prosecutor had apparently had enough, and obtained an order declaring Bozsik a vexatious litigator. The order forbade Bozsik from instituting or continuing any legal proceedings without obtaining leave of the court. The order did not stop Bozsik from filing an unsuccessful state habeas petition in 2006, arguing that the trial court did not have jurisdiction.

Bozsik then made a second trip to federal court, filing another habeas petition in April 2006. The district court dismissed this petition as untimely.

Two years later, in July 2008, Bozsik began this third and current trip to federal court by filing a motion to reinstate his 2003 habeas petition. The district court initially rejected the petition for failing to exhaust state-court remedies, as Bozsik claimed that his 2003 motion for a new trial "continue[d] to [lie] dormant." Bozsik then filed a second motion to reinstate, arguing that the vexatious litigator order made it impossible for him to exhaust his claims. The district court agreed with this argument. Additionally, it found that Bozsik's petition was timely because he returned to federal court within thirty days of the state court's declaring him a vexatious litigator. The district

court reinstated the petition before sending it to a magistrate judge for a report and recommendation. Bozsik then amended the petition to raise, among others, the following claims: (1) the trial court allowed the admission of improper evidence, (2) Bozsik was improperly denied discovery concerning Carol's boyfriend, and (3) Bozsik's trial counsel was ineffective.

The magistrate judge urged the district court to take a second look at the timeliness issue. The magistrate determined that Bozsik had exhausted his claims in state court when his state-court petition for a new trial was rejected by the state supreme court on August 4, 2004. Under this reasoning, by the time Bozsik attempted to revive his habeas petition, almost four years had passed since he had exhausted his claims. The magistrate further concluded that Bozsik should not be entitled to equitable tolling. The magistrate recommended dismissing the entire petition as untimely.

The district court adopted the magistrate's recommendation and dismissed the petition as untimely. The district court also found that most of the grounds of the amended petition would not relate back to the 2003 petition, thus providing an alternate reason for dismissing most of the petition. As an alternative to the alternative, the district court also found that most of the grounds that did not relate back also lacked merit. Finally, the district court reviewed the remaining two grounds on the merits and found that relief was not appropriate.

Bozsik appeals. He limits his appeal to those grounds of his petition that arguably relate back to his 2003 petition. He also argues that he is entitled to equitable tolling.

Bozsik filed his habeas petition just days before the statute of limitations expired. The district court dismissed his petition because he raised the same claims in a then-pending state-court

petition for a new trial. The state court soon dismissed those claims, however, and Bozsik should have promptly returned to federal court. He did not. Therefore, his petition is time-barred.

The Anti-terrorism and Effective Death Penalty Act (AEDPA) generally requires that a prisoner file his federal habeas petition within one year of the date on which his state-court judgment becomes final. 28 U.S.C. § 2244(d)(1). The judgment against Bozsik became final on July 29, 2002, ninety days after the Supreme Court of Ohio rejected his direct appeal. His statute of limitations thus expired on July 30, 2003.

However, because Bozsik filed a petition with both exhausted and unexhausted claims, the mandatory equitable tolling rule of *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), may apply. Under that rule, a petitioner is entitled to equitable tolling if he (1) files a habeas petition including both exhausted and unexhausted claims before the statute of limitations expires, (2) returns to state court to address unexhausted claims within thirty days of the district court issuing a stay or dismissing the case, and (3) returns to federal court within thirty days of exhaustion. *See Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). Bozsik filed his petition on July 28, 2003, two days before the statute of limitations expired. He timely returned to state court. However, he did not return to federal court within thirty days of exhaustion. Thus, Bozsik is not entitled to mandatory equitable tolling.

Bozsik's claims were fully exhausted by August of 2004. The Ohio Court of Appeals affirmed a denial of his motion for a new trial on July 23, 2003. The Ohio Supreme Court dismissed Bozsik's appeal of the denial of his motion to vacate his sentence on August 4, 2004. Once those

judgments were final, Bozsik's claims had gone through three rounds of state-court review and were sufficiently exhausted. Bozsik should have returned to federal court within a month. Instead, he was next seen in the federal courts in April 2006, filing a different habeas petition, and did not attempt to reopen his 2003 petition until July 2008. Since this was over thirty days after his claims were exhausted, Bozsik is not entitled to mandatory equitable tolling. Notably, the vexatious litigator order is irrelevant because it was not entered until 2005, after Bozsik had exhausted his state-court remedies and had begun filing frivolous petitions.

Nor is Bozsik entitled to traditional equitable tolling. "AEDPA's one-year limitation period may be equitably tolled if a petitioner shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented a timely filing." *McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 31 (6th Cir. 2012); *see Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). It is debatable whether Bozsik meets the diligence prong. Over the intervening years, he has attempted all kinds of filings in the state courts, but they were all either retreads of already-dismissed petitions or frivolous petitions with no chance of success. However, it is not necessary to determine whether Bozsik has been diligent as he can show no extraordinary circumstance that precluded him from returning to federal court after his claims were exhausted.

Bozsik argues that, back in 2003, the district court improperly dismissed his petition instead of staying it. He considers this an extraordinary circumstance that merits equitable tolling. However, whether the district court stayed or dismissed Bozsik's petition without prejudice is irrelevant. Either way, Bozsik was required to return to federal court within thirty days of

exhaustion, and failed to do so. *See Palmer*, 276 F.3d at 781 (demonstrating that the same process would apply if Bozsik had been granted a stay). This case does not merit equitable tolling and the district court properly dismissed Bozsik's petition as time-barred.

Because Bozsik's habeas petition is time-barred and he is not entitled to equitable tolling, the district court's judgment is affirmed.