RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0250p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

―――――――――――

DELPHON CALHOUN,

          *Petitioner-Appellant,*

    *v.*

          No. 12-2509

DAVID BERGH,

          *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:03-cv-72216—Gerald E. Rosen, Chief District Judge.

Decided and Filed:  October 2, 2014

Before:  GIBBONS and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

―――――――――――

**COUNSEL**

**ON BRIEF:**  Segev Phillips, Columbus, Ohio, for Appellant.  Raina I. Korbakis, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

―――――――――――

**OPINION**

―――――――――――

    KETHLEDGE, Circuit Judge.  In this case we review the district court's dismissal of a habeas petition on essentially failure-to-prosecute grounds.  Delphon Calhoun is a Michigan state prisoner who filed a federal habeas petition in 2003.  Although the petition included only exhausted claims, Calhoun sought to litigate some unexhausted claims as well.  He thus moved to stay his petition while he exhausted the additional claims in state court.  The district court

―――――――――――

[*]The Honorable Robert M. Dow Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

1

granted the stay on two conditions: first, that Calhoun file his additional claims in state court within 90 days of the stay order; and second, that he return to federal court within 30 days of exhausting them.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving this procedure).

Calhoun disregarded the first condition.  Rather than file his unexhausted claims within 90 days, he waited more than six years—until October 2010—to file them in Michigan state court.  The Michigan trial and appellate courts denied relief.  In August 2012, Calhoun returned to the district court and filed an amended petition that included his old claims from the initial petition and his newly (but tardily) exhausted claims.  In an October 2012 opinion, the district court observed that Calhoun had "clearly failed to comply with the conditions of the stay."  Thus, citing *Palmer*, the district court vacated its stay as of the date it had been entered and "dismiss[ed]" Calhoun's original petition.  The court also dismissed Calhoun's amended petition as untimely.  We review the dismissals de novo.  *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011).

We address first a procedural irregularity:  though the district court purported to dismiss two petitions in its October 2012 order, it only needed to dismiss one.  "An amended complaint supersedes an earlier complaint for all purposes."  *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009).  That rule applies in this case as it does in civil cases generally.  *See generally* Rules Governing Section 2254 Cases 12 ("The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules").  Thus, after Calhoun filed his amended petition, only that petition remained pending before the district court.

That clarification disposes of Calhoun's first argument on appeal, which is that the district court should have adjudicated his initial petition—even in 2012, nine years after it was filed—because it contained only exhausted claims and was timely filed.  That petition was "supersede[d]" once Calhoun filed his amended one, *In re Refrigerant Compressors*, 731 F.3d at 589; and thus it was not pending for the district court to adjudicate.

Calhoun's second argument is that the district court should have equitably tolled the limitations period for his amended petition. To answer that argument on its terms: Calhoun's generalized, conclusory assertions about the difficulties of litigating from prison—difficulties that by definition virtually every habeas petitioner faces—fall well short of the proofs necessary for equitable tolling.

But the amended petition's timeliness—in a limitations sense—is ultimately beside the point. The district court dismissed Calhoun's amended petition based upon our opinion in *Palmer*. And *Palmer* dismissal is not limitations dismissal, but dismissal for failure to comply with the conditions of the court's stay. *Palmer*, 276 F.3d at 781 ("'If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed'") (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). The relevant condition of the stay here—that Calhoun promptly file his unexhausted claims in state court—is meant "[t]o allay the concern that a petitioner might take an undue amount of time to pursue state court remedies[.]" *Palmer*, 276 F.3d at 781; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that an unconditional stay can "frustrate[] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"). That concern is similar to, but different from, the concern addressed by AEDPA's limitations period. What matters under *Palmer*, therefore, is not whether Calhoun's amended petition was timely in a limitations sense, but whether he complied with the conditions of the court's stay. Calhoun did not comply, so dismissal was appropriate. *Palmer*, 276 F.3d at 781.

Finally, Calhoun argues that the district court should have "transferred" his amended petition to our court as a second or successive petition under 28 U.S.C. § 2244(b)(3). As shown above, however, Calhoun himself superseded his initial petition when he filed his amended one. The initial petition therefore did not count as a first petition for purposes of § 2244(b)(3). *See Johnson v. United States*, 196 F.3d 802, 805-06 (7th Cir. 1999) (Easterbrook, J.).

The district court's judgment is affirmed.