NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0734n.06
Filed: October 5, 2006

No. 04-2179

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOSEPH T. HUEY,

      Petitioner-Appellant,

v.

WILLIE O. SMITH,

      Respondent-Appellee.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

Before: MARTIN and DAUGHTREY, Circuit Judges; and REEVES, District Judge.[*]

DANNY C. REEVES, District Judge. Petitioner-Appellant Joseph Huey, a Michigan prisoner, appeals the district court's decision denying his second petition for writ of habeas corpus for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The district court issued a certificate of appealability on the question of whether equitable tolling is applicable in this case. For the reasons discussed below, we **AFFIRM** the district court's determination that equitable tolling does not apply under the facts presented.

Huey was convicted in 1994 in Michigan of first-degree murder, two counts of felony assault with intent to murder, and three counts of felony-firearm and carrying a concealed

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

-1-

weapon. He was sentenced to life imprisonment without the possibility of parole. Direct review of Huey's conviction ended on February 25, 1999, when the Michigan Supreme Court denied his application for leave to appeal. On February 17, 2000, after two hundred and sixty-seven days had run on the one-year statute of limitations, Huey filed a petition for writ of habeas corpus with the district court. However, because the habeas petition contained both exhausted and unexhausted claims, the district court dismissed it without prejudice on July 14, 2000, for failure to exhaust. Huey returned to state court for post-conviction relief on August 10, 2001, approximately thirteen months after the dismissal of his initial petition. Huey's post-conviction proceedings were concluded in state court on October 31, 2003, when the Michigan Supreme Court denied leave to appeal.

On January 22, 2004, Huey filed a second petition for writ of habeas corpus. The district court dismissed this petition as being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Thereafter, on October 12, 2004, the district court granted Huey's motion for a certificate of appealability on the issue of "whether the one-year limitations period contained in 28 U.S.C. § 2244(d)(1) was subject to equitable tolling in this case."

We review de novo the district court's determination that Huey's claims were barred by the statutory limitations period. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Upon review, we conclude that the district court properly determined that Huey is not entitled to equitable tolling of the one-year limitations period.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations during which a state prisoner must file a § 2254 petition. Huey filed his first habeas petition on February 17, 2000, ninety-eight days prior to the expiration of one-year limitations period. However, the district court dismissed the petition because it contained both exhausted and unexhausted claims. Huey waited approximately thirteen months after his initial petition was dismissed before filing a motion for post-conviction relief in state court. Moreover, once he finally exhausted his state court claims, he waited almost three months to re-file his habeas petition in federal court. Huey concedes that he did not timely file his second habeas petition, but argues that the district judge should have equitably tolled the limitations period and considered his petition on its merits.

In support of his position, Huey relies upon this Court's decisions in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), and *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005). *Palmer* and *Griffin* established a form of "mandatory equitable tolling," which is applicable in situations in which the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition. Under *Palmer* and *Griffin*, if the district court fails to grant a stay, a petitioner is entitled to mandatory equitable tolling of the AEDPA period if he/she files in state court within thirty days of the federal court dismissal and returns to federal court no later than thirty days following state court exhaustion. *See Palmer,* 276 F.3d at 781-82 (endorsing the two thirty-day time periods adopted by the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2nd Cir. 2001)); *Griffin*, 399 F.3d at 633.

Although Huey concedes that he is not entitled to mandatory equitable tolling, he argues that he is entitled to equitable tolling. The following five factors are considered in determining whether equitable tolling should apply:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin*, 399 F.3d at 635 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). These factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Instead, courts must consider equitable tolling on a "case-by-case basis." *Id*. Moreover, to preserve the usefulness of statutes of limitations as rules of law, the Supreme Court has held that equitable tolling should be invoked only "sparingly" and should not be used to rescue a litigant from his own lack of due diligence. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Huey's primary focus is on the three *Andrews* factors that were at issue in *Griffin*: (1) lack of actual knowledge of the filing requirement; (2) lack of constructive knowledge of the filing requirement; and (3) reasonable ignorance of the law. In *Griffin*, the court found that the petitioner was entitled to equitable tolling inasmuch as she lacked constructive knowledge and was reasonably ignorant of the filing deadline. Specifically, the court noted that the law relating to the filing deadlines was "unstable and unsettled" at the "crucial time of [her] mistake."

*Griffin*, 399 F.3d at 637. In addition, the court found that, despite not returning to state court for six and one-half months, she was diligent in pursuing her rights because her counsel "had to prepare and file a complex record and research complex questions of law before filing her petition in state court." *Id*.

## I.    Huey's Lack of Actual or Constructive Knowledge of the Filing Requirement and Reasonable Ignorance of the Law

Similar to the circumstances in *Griffin*, at the time the district court dismissed Huey's first habeas petition, the state of the law with respect to "mixed" petitions, filing deadlines and equitable tolling was unsettled. Huey's first habeas petition was dismissed in July of 2000, approximately eighteen months before the thirty-day window was adopted by the *Palmer* Court in January 2002 and twelve months prior to the Second Circuit's opinion in *Zarvela*.

Nevertheless, although Huey may not have been aware of the time periods established by the *Palmer* and *Zarvela* decisions, the district court opinion, unlike the one in *Griffin*, was not "entirely silent as to how [Huey] should proceed in order to bring a timely habeas petition." *Griffin*, 399 F.3d at 636. The district court's order specifically cited AEDPA and a number of authorities referencing the one-year limitations period and AEDPA's goal of finality and speed of resolution. Moreover, the district court opinion informed Huey that he was required to seek post-conviction relief in state court and that the one-year statute of limitations would be tolled while he sought post-conviction relief in state court.

Huey contends that the district court order was misleading. Specifically, he argues that it was his belief, based on the language of the order, that "the statute of limitations would be tolled not only after [he] filed his post-conviction motion, but also during the time in which [he] sought to file the motion." However, in light of the authorities cited in the district court opinion and AEDPA's goal of finality and speed of resolution, it was not reasonable for Huey to believe that the one-year statute of limitations would be tolled for thirteen months after his initial petition was dismissed *prior to* the filing of a motion for post-conviction relief in state court. Under the facts presented here, Huey's lack of knowledge of the filing deadline does not equitably toll the statute of limitations.

Even if Huey lacked actual knowledge, this Court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period." *Griffin*, 399 F.3d at 636 (citing *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998). Here, Huey's ignorance of the filing deadline was not reasonable.

## II.     Huey's Lack of Diligence in Pursuing His Rights

We must also consider whether Huey exercised diligence in pursuing his rights. *See Griffin*, 399 F.3d at 639 ("Diligence is the key to equitable tolling . . .") (Gilman, J., dissenting). As noted above, Huey waited approximately thirteen months to return to state court. In addition, after he finally exhausted his state court claims, he waited almost three months to re-file his

habeas petition in federal court. While Huey did not have a set deadline to return to state court,

he should have been aware that, under AEDPA, he had only one year to file a habeas petition and

that, at the very least, time was of the essence in going to and from state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court discussed the issue of what

constitutes reasonable delay in returning to state court. Although the Court did not define with

precision how long a district court could give a petitioner to return to state court, it cited with

approval the *Zarvela* opinion from the Second Circuit that instructed district courts to give

petitioners thirty days to go to state court and thirty days from the time that the state court

proceedings ended to return to federal court. *Id*. at 278. Specifically, the Court noted that:

> [t]hough, generally, a prisoner's principal interest is in obtaining speedy federal
> relief on his claims, not all petitioners have an incentive to obtain federal relief
> as quickly as possible. In particular, capital petitioners might deliberately engage
> in dilatory tactics to prolong their incarceration and avoid execution of the
> sentence of death. Without time limits, petitioners could frustrate AEDPA's goal
> of finality by dragging out indefinitely their federal habeas review. Thus, district
> courts should place reasonable time limits on a petitioner's trip to state court and
> back.

*Rhines*, 544 U.S. at 277-78 (internal citations omitted).

In a recent unpublished decision, this Court held that waiting approximately ten months

to return to state court constitutes unreasonable delay. *Wiedbrauk v. Lavigne*, 174 Fed. Appx.

993 (6th Cir. May 17, 2006). Relying on the Supreme Court's decision in *Rhines*, this Court

noted that:

> The district court in the *Rhines* case gave the petitioner sixty days for each trip,
> and the Supreme Court did not comment on this length of time. In contrast to a

grace period of one to two months, which the *Rhines* Court would presumably deem reasonable, Wiedbrauk waited approximately ten months to return to state court . . . [w]aiting ten months without justification was too long.

*Wiedbrauk*, 174 Fed. Appx. at 999 (internal citations omitted).

At the time the district court dismissed Huey's first habeas petition, Huey had ninety-eight days to *timely* file within the statutory period without invoking the equitable tolling provisions. Instead, he failed to pursue exhaustion of his state claims until thirteen months after dismissal of his initial habeas petition and ten months after the expiration of the statue of limitations. Huey contends that waiting thirteen months to return to state court was reasonable inasmuch he is a *pro se* petitioner and had to research complex issues of law. Specifically, he notes that this court in *Griffin* found that a delay of six and one-half months was reasonable for an attorney to research issues of law. However, Huey's delay was twice as long as the delay in *Griffin*. Given the recent opinions of *Rhines* and *Wiedbrauk*, which were decided after *Griffin* and involved shorter delays than the period of time here, we find that Huey's delay of thirteen to return to state court was unreasonable and that he failed to exercise due diligence in pursing his rights.

**CONCLUSION**

We **AFFIRM** the decision of the district court in dismissing Huey's petition and its conclusion that he is not entitled to equitable tolling of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1).