944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincenia HART, Plaintiff-Appellant,
v.
Mike TYREE, Correctional Officer Defendant-Appellee.
 No. 91-5611.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Vincenia Hart, a pro se federal prisoner, appeals the district court's order dismissing her complaint brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In her complaint, prepared on a form for filing a civil rights complaint under 42 U.S.C. § 1983, Hart alleged that the defendant, a federal correctional officer, injured her eye when he threw ice cubes at her. She sought unspecified compensatory and punitive damages and the defendant's suspension from his job.
 
 
 4
 In his report dated April 1, 1991, a magistrate judge construed Hart's pro se complaint as one brought under the FTCA. This conclusion was based upon the nature of her complaint and evidence that she had first filed an administrative claim under the FTCA seeking $1,500 in compensatory damages. The magistrate judge concluded that the district court lacked jurisdiction over Hart's claim because she failed to name the United States, the only proper defendant in an FTCA action. He recommended that, absent timely amendment, the action should be dismissed pursuant to 28 U.S.C. § 1915(d). In response, Hart submitted a letter which acknowledged her error and requested that the United States be substituted as the proper defendant in her action. This letter was stamped as "tendered April 12, 1991."
 
 
 5
 The district court, in an order filed April 24, 1991, noted that Hart had filed objections on April 12, 1991 but it overruled them. The court agreed with the magistrate's finding that the named individual defendant could not be held liable under the FTCA, adopted the magistrate judge's report and recommendation as the opinion of the court, and dismissed the action.
 
 
 6
 On appeal, Hart argues that her claim was not thoroughly investigated and that judgment was based upon her mistake as to who should have been named as defendant. She requests the appointment of counsel and a transcript at government expense in her brief.
 
 
 7
 Upon consideration, we vacate the district court's order because the court abused its discretion in failing to allow Hart to amend her complaint. See Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 8
 The magistrate judge's report, which was adopted as the opinion of the district court, cited 28 U.S.C. § 1915(d) as the basis for dismissal. A complaint may be dismissed sua sponte as frivolous pursuant to § 1915(d) when it lacks an arguable basis in law or fact. See Nietzke v. Williams, 490 U.S. 319, 325 (1989). Citation to § 1915(d) normally allows the court to dismiss a claim without giving the plaintiff the opportunity to amend or correct deficiencies in the complaint. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 9
 In this case, however, the magistrate judge expressly invited Hart to amend her complaint to name the United States as the defendant or else see it dismissed as frivolous. Hart's letter requesting substitution of parties was an attempt to conform to the magistrate judge's instruction. This letter was never actually filed, possibly because it was one day late; nonetheless, the district court expressly considered it. In light of Hart's pro se status, the court should have construed the letter as a motion to amend and granted leave to amend the complaint. See Fed.R.Civ.P. 15(a). Failure to do so, under the facts of this case, was an abuse of discretion.
 
 
 10
 Finally, the district court's forwarding of a copy of the entire case file, including Hart's complaint and pro se motion to amend, to the United States Attorney within the six-month limitations period for FTCA actions constitutes delivery of process for the purposes of Fed.R.Civ.P. 15(c). See Allgeier v. United States, 909 F.2d 869, 873-74 (6th Cir.1990). Consequently, Hart's amendment naming the United States as defendant is timely and relates back to the date of her original complaint.
 
 
 11
 Accordingly, the requests for the appointment of counsel and a transcript at government expense are denied. The district court's order is vacated and the case is remanded with instructions to reinstate Hart's complaint with the United States as defendant, pursuant to her motion to amend. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation