# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1903

_____

John Vincent Mackovich,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
United States of America,　　　　*
　　　　　　　　　　　　　　　　　*　**[PUBLISHED]**
　　　　　　　　Appellee.　　　　　*

_____

Submitted: January 6, 2011
Filed: January 31, 2011

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Mackovich, an inmate at the Medical Center for Federal Prisoners in Springfield, Missouri (MCFP), commenced this Federal Tort Claims Act (FTCA) action in August 2008, alleging improper treatment of injuries that occurred in 2004 at a federal penitentiary in California. In June 2009, he filed an amended complaint abandoning his original claim and alleging that MCFP employees and health care providers negligently allowed an inmate worker to create a hazardous area in the dining room, causing a slip and fall, and then failed to adequately treat the serious injuries resulting from this fall. Mackovich now appeals the district court's dismissal of these claims without prejudice. We affirm in part, reverse in part, and remand.

The district court dismissed Mackovich's medical malpractice claim without prejudice because he failed to file an affidavit stating that he had obtained the written opinion of a legally qualified health care provider which states that the defendant provider failed to use reasonable care. Reviewing the dismissal *de novo*, we agree. See Mo. Rev. Stat. § 538.225.6; Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993) (law of State where acts complained of occurred applies in FTCA cases).

The district court dismissed Mackovich's negligent premises claim for failure to exhaust the agency's applicable administrative remedies, as 28 U.S.C. § 2675(a) requires. The record reflects that Mackovich filed a lengthy Claim for Damage, Injury, or Death on the proper Bureau of Prisons form on July 29, 2008. On appeal, the government argues that this administrative claim "does not allege the premises liability negligence he raised in his amended complaint." We disagree. On page 3 of the narrative attached to his administrative claim, Mackovich alleged that, on January 2, 2007, he "Slipped and Fell on a Freshly mopped Greasy Floor that did not have a warning sign posted due to the Negligence of Officer Flanners, as a Direct result he Sustained Serious and Permanent [injuries]."

Unlike the government, the district court did not ignore this allegation. Rather, the court concluded that the "mere mention of the condition of the floor amid pages of claims alleging [medical malpractice] does not satisfy plaintiff's burden of demonstrating that he has exhausted his administrative remedies with regards to the premises liability claim." We have considerable sympathy for this ruling, which is an accurate portrayal of the voluminous administrative claim. But the analysis overlooks subsequent events. After reviewing the administrative claim, MCFP's attorney assigned to investigate the claim requested additional information. Mackovich's lengthy November 10, 2008, response included the following:

> 8. Claim III C.O. Frealy, Is Jointly Liable For Mackovich's Slipping
> And Falling, on a wet Greasy floor in the Hospital dining Room,

resulting in him Sustaining Serious Lumbar Spine Injuries, as a proximate result of Frealy's Negligence to Train and supervise This new inmate Who Left grease on the floor and failed to post a Warning Sign After Mopping the Hot Bar Area. Had Flanners Taken due care to train or Supervise this inmate while he was standing 15 feet away and looking at the hot bar, and directed him to post a warning sign then Mackovich would have seen the sign and walked another direction, and would not have fallen as hard during his Seizure and would not have sustained such severe injuries.

On February 10, 2009, the Bureau of Prisons denied the claim in a letter stating, "Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." On this record, we must assume the investigation included Mackovich's detailed allegations of premises liability. See Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989) (concluding that claimant's response to agency inquiry satisfied the notice-of-claim requirement).

Accordingly, we conclude that Mackovich's properly exhausted the premises liability claim. We reject the government's contention that the claim was premature because this action was initially filed in August 2008, before the administrative claim was denied. As the district court recognized, Mackovich abandoned his initial claim and commenced an entirely new action when he was granted leave to file his July 2009 amended complaint. See Duplan v. Harper, 188 F.3d 1195, 1199-1200 (10th Cir. 1999); cf. Barnes v. Briley, 420 F.3d 673, 677-78 (7th Cir. 2005) (exhaustion of remedies under the Prison Litigation Reform Act).

Accordingly, we reverse the district court's dismissal of the premises liability claim and remand for further proceedings.

_____