NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0548n.06

Case Nos. 23-1899/1946

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RIETH-RILEY CONSTRUCTION CO., INC. | ) | |
| | ) | |
| | ) | |
| Petitioner/Cross-Respondent, | ) | ON PETITION TO |
| | ) | ADJUDICATE RESPONDENT |
| v. | ) | IN CIVIL CONTEMPT OF |
| | ) | ENFORCEMENT ORDER AND |
| NATIONAL LABOR RELATIONS BOARD, | ) | FOR SANCTIONS |
| | ) | |
| Respondent/Cross-Petitioner. | ) | O P I N I O N |
| | ) | |

FILED
Nov 26, 2025
KELLY L. STEPHENS, Clerk

Before: MOORE, COLE, and MATHIS, Circuit Judges.

COLE, Circuit Judge. In August 2024, we granted the National Labor Relations Board's petition for enforcement of its September 28, 2023 order requiring Rieth-Riley Construction Co., Inc. to provide Local 324, International Union of Operating Engineers, AFL-CIO (the Union) with requested information in a timely manner. Rieth-Riley has, according to its own admissions, violated the clear requirements of this court's judgment by withholding responsive information for the time period from June 16, 2022, to present, so we grant the Board's motion to adjudicate Rieth-Riley in civil contempt in part. Because the remainder of the Board's petition has not been established by sufficient evidence, we issue the accompanying order requiring Rieth-Riley to admit or deny specific allegations of contempt as to its failure to respond to the May 2025 information request from the Union.

I.

Rieth-Riley is an asphalt paving and heavy road construction contractor operating in Michigan. *Rieth-Riley Constr. Co. v. NLRB*, 114 F.4th 519, 526 (6th Cir. 2024). The Union represents over 14,000 employees in Michigan, including employees of Rieth-Riley. *Id.* The Union's collective-bargaining agreement with Rieth-Riley expired in May 2018, and afterwards, they failed to reach an agreement primarily due to subcontracting and wage disagreements. *Id.* In June 2020, the Union filed an unfair labor practice charge against Rieth-Riley for its refusal to provide requested subcontracting information, and in November 2020, the Union filed a second charge for Rieth-Riley's failure to provide requested bargaining unit employee information. *Id.* at 527.

In September 2020 and February 2021, the General Counsel of the Board issued complaints on behalf of the Union against Rieth-Riley for failure to produce the requested subcontracting and bargaining unit employee information. *Id.* at 528. Following a hearing, an ALJ determined in 2022 that Rieth-Riley's refusals to provide information violated the Section 8(a)(1) and (5) of the National Labor Relations Act and ordered Rieth-Riley to provide the requested subcontracting and employee information to the Union. *Id.*

In 2023, the Board affirmed the ALJ's decision with a slight modification that limited the subcontracting information Rieth-Riley must produce. The order required Rieth-Riley to (1) "[c]ease and desist from . . . failing and refusing to furnish [the Union] with requested information that is relevant and necessary to the Union's performance of its functions as the collective-bargaining representative" and (2) to take the affirmative step of "[f]urnish[ing] to the Union in a timely manner the information requested by the Union on November 3, 2020." *Rieth-Riley Constr. Co.*, 372 NLRB No. 142, slip op. at *2 (2023), *enforced*, 114 F.4th 519 (6th Cir. 2024). The

November 3, 2020 request asked Rieth-Riley to "provide the compensation, both wages and fringe benefits, for all employees (including their names and classifications) doing work covered by the work jurisdiction provisions of the expired [agreement]" from "June 1, 2020, to the present[.]" *Id.* at 8.

Rieth-Riley appealed the Board's order to this court, while the Board cross-petitioned for enforcement of its order. *Id.* Following argument, we denied Rieth-Riley's petition and granted the Board's cross-petition for enforcement of its order in full in August 2024. *Rieth-Riley*, 114 F.4th at 537. On March 25, 2025, we issued a mandate enforcing our judgment.

A month later, Rieth-Riley produced some information responsive to the Union's November 2020 request and certified that the production "provided the information which the Board's order required[.]" (Pet. for Civil Contempt, D. 68, p. 4.) According to the Board, however, Rieth-Riley included information only from June 1, 2020, to June 15, 2022. Because the Board's order required Rieth-Riley to provide such data from June 1, 2020, to the present, the Board emailed Rieth-Riley requesting said information.

In May 2025, the Union also asked for this information, along with a request for detailed records verifying the summarized information Rieth-Riley had provided in its April 2025 production. Specifically, the Union requested "the underlying payroll records used to prepare the summaries you have provided, as well as the specific rates of pay, hours of work, dates worked by employees, and amounts and dates of fringe benefits paid, for each bargaining unit employee for the period of time from June 1, 2020 to present." (Pet. for Civil Contempt, D. 68, p. 6.)

But Rieth-Riley did not comply with either request. Instead, on June 12, 2025, Rieth-Riley notified the Board that it would not provide additional information until this court resolves Rieth-Riley's pending petition for review in a related appeal, or the Union agrees that providing such

information would not waive the corresponding technical refusal-to-bargain defense Rieth-Riley is asserting in that appeal. Accordingly, the Board petitioned us to adjudicate Rieth-Riley in civil contempt for withholding the responsive information for the time period from June 16, 2022, to present and failing to respond to the May 2025 information request from the Union. The Board also requests sanctions.

## II.

A party seeking civil contempt sanctions must produce clear and convincing evidence demonstrating that (1) "there is a definite and specific order" of this court requiring particular action or inaction, (2) the contemnor had knowledge of the order, and (3) the contemnor violated that order. *NLRB v. Bannum, Inc.*, 93 F.4th 973, 979 (6th Cir. 2024) (per curiam) (citation modified). "If the moving party in a civil contempt action demonstrates that the opposing party knowingly violated a definite and specific order of the court, 'the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order.'" *Id.* at 980 (quoting *Elec. Workers Pension Tr. Fund of Loc. Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)).

This evidence must be shown categorically and in detail, which is difficult to do. *Id.* A party is not subject to contempt if it shows that compliance is genuinely impossible, that "its inability to comply is not self-induced," and that "it took all reasonable steps to comply." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 802 (6th Cir. 2017) (citation modified). But good faith efforts to comply are not a defense to civil contempt. *Bannum*, 93 F.4th at 980.

The Board seeks civil contempt sanctions against Rieth-Riley for (1) its failure to produce the responsive information for the time period from June 16, 2022, to the present and (2) its failure to respond to the May 2025 request for the specific information underlying its prior response. We

consider each request in turn.

A.

The Board contends that Rieth-Riley violated the Board's order at issue by failing to "produce responsive information for the time period from June 16, 2022 to the present." (Pet. for Civil Contempt, D. 68, p. 5.) The Board must establish that the Board's order is definite and specific, and that Rieth-Riley had knowledge of the order. Rieth-Riley does not dispute its knowledge of the court-enforced order but instead asserts that the order was not sufficiently definite and specific, and it therefore cannot be in violation of it. In particular, Rieth-Riley claims that the order's requirement that it produce the November 2020 requested information "in a timely manner" is not definite. (Resp't Resp. in Opp'n & Mot. to Dismiss, D. 70, p. 3–8.)

We are unpersuaded. Although any ambiguity in determining whether a court's order is "definite and specific" must be construed "in favor of the party charged with contempt," *Gascho*, 875 F.3d at 800, there is no ambiguity here. An order does not need a deadline to be definite. *See, e.g., NLRB v. Lynair, Inc.*, 380 F.2d 286, 287–88 (6th Cir. 1967) (finding an employer in contempt for violating an order that did not state a specific length of time for which the employer was required to cease and desist from refusing to bargain). Further, the Board's order was not indefinite. *Cf. Gascho*, 875 F.3d at 800–01 (holding that a command conditioned on future events is not enforceable through a contempt order). The order became final when we issued our mandate in March 2025, and Rieth-Riley then needed to promptly provide all information responsive to the November 2020 request.

We next consider whether Rieth-Riley actually violated the order. A party's response to a petition for contempt which admits or denies certain conduct may serve as evidence that the party violated an order. *See Bannum*, 93 F.4th at 979–80 (analyzing statements in an employer's

response to a Board's motion for contempt as a binding concession). That is because "[o]nce litigation commences, a party typically is bound by its action, whether it be a statement in a pleading . . . or an argument to the court by its counsel[.]" *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 495 (6th Cir. 2020) (internal citations omitted). Accordingly, "deliberate, clear and unambiguous" assertions in opposition to a contempt petition qualify as judicial admissions. *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997); *see also United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004) (finding that statements in a brief "rise to the level of" judicial admissions).

There is no question that Rieth-Riley's continued refusal to provide the requested information makes its compliance untimely. Rieth-Riley correctly argues that the Board considers the totality of the circumstances when determining if an employer has unlawfully delayed responding to an information request. "Indeed, it is well established that the duty to furnish requested information cannot be defined in terms of a per se rule. What is required is a reasonable good faith effort to respond to the request *as promptly as circumstances allow*." (Resp't Resp. & Reply, D. 72, p. 16–17 (quoting *W. Penn Power Co.*, 339 NLRB 585, 587 (2003))). But Rieth-Riley fails to acknowledge that "the Board will consider the complexity and extent of information sought, its availability and the difficulty in retrieving the information[,]" when determining the timeliness of a response. *See W. Penn Power Co.*, 339 NLRB at 587 (quoting *Samaritan Med. Ctr.*, 319 NLRB 392, 398 (1995)).

Rieth-Riley has not argued that it experienced any difficulty in retrieving the information because the request was lengthy, complex, or difficult to find. Rather, it admits that it is purposefully withholding the information. (Resp't Resp. in Opp'n & Mot. to Dismiss, D. 70, p. 4–5 ("Rieth-Riley has not 'failed' to provide the Union with requested information from June 16,

2022 onward . . . [it] has only withheld a portion of that information *temporarily*[.]"); Resp't Resp. & Reply, D. 72, p. 8–9 ("Rieth-Riley provided . . . an initial production to the Union . . . [and] assured the Board that it would complete its production 'immediately' upon resolution of the [pending] appeal[.]")). Because these statements are clear and unambiguous, we find them to be judicial admissions. *See MacDonald*, 110 F.3d at 340; *see also Bannum*, 93 F.4th at 979–80.

Accordingly, Rieth-Riley's admissions to withholding several years of requested data establish by clear and convincing evidence that it has not made a good-faith effort to respond to the Union's November 2020 request as promptly as circumstances allow. *See W. Penn Power Co*, 339 NLRB at 587. The judgment requires timely compliance, and Rieth-Riley has withheld the requested information for at least eight months since we issued the mandate enforcing the Board's 2023 order. Absent complicating factors, which Rieth-Riley does not assert, this delay is not timely.

The Board has shown that Rieth-Riley has violated a definite and specific order of the court, so the burden shifts to Rieth-Riley to demonstrate its present inability to comply with our order. *See Bannum*, 93 F.4th at 980. Rieth-Riley asserts it met this burden because providing information past June 15, 2022, would waive its technical refusal-to-bargain defense in its separate pending appeal. An employer may waive their objection to a union certification by engaging in bargaining activity, while also committing a technical Section 8(a)(5) violation to obtain judicial review of such certification. *Peabody Coal Co. v. NLRB*, 725 F.2d 357, 365 (6th Cir. 1984). But even if Rieth-Riley and the union were in such a situation, Rieth-Riley would not waive its defense by complying with the order. Compliance with a court-enforced Board order is not optional, *see, e.g., Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."), and waivers must be knowing

and voluntary, *Kellom v. Quinn*, 86 F.4th 288, 291 (6th Cir. 2023). Thus, Rieth-Riley would not waive its defense by complying with our court order.

Although we reserve any holding as to the substance of Rieth-Riley's refusal-to-bargain defense for its pending appeal, Rieth-Riley has not shown categorically and in detail its inability to comply with the order. Nor has it explained why its noncompliance is not self-induced or demonstrated that it has taken all reasonable steps to comply. *See Bannum*, 93 F.4th at 980; *Gascho*, 875 F.3d at 802. Therefore, the company has not met its difficult burden. *See Bannum*, 93 F.4th at 980.

Accordingly, we adjudicate Rieth-Riley in civil contempt for its failure to produce responsive information for the time period from June 16, 2022, to the present.

B.

Next, the Board argues that Rieth-Riley clearly violated the court's enforcement judgment by failing to produce the specific information underlying the summaries it did turn over to the Union from June 1, 2020, to June 15, 2022. As we stated in *Rieth-Riley Construction Co. v. NLRB*, 114 F.4th 519 (6th Cir. 2024), "[b]argaining unit employees' wages, hours, and conditions of employment are 'presumptively relevant to bargaining issues' and an 'employer has a duty to provide such information on request.'" *Id.* at 532 (quoting *NLRB v. Goodyear Aerospace Corp.*, 497 F.2d 747, 751 (6th Cir. 1974)). Accordingly, the Union's request for "the specific rates of pay, hours of work, dates worked by employees, and amounts and dates of fringe benefits paid, for each bargaining unit employee" is likely relevant and necessary to its functioning as the collective bargaining representative of Rieth-Riley's unit employees. (Pet. for Civil Contempt, D. 68, p. 6.) Further, we have held parties in contempt for new violations of ongoing cease-and-desist orders.

*NLRB v. Teamsters Loc. No. 327*, 592 F.2d 921, 922, 924–25 (6th Cir. 1979) (finding a Union in contempt for violations taking place in 1976 after the court issued judgments in 1972 and 1974).

Given this, Rieth-Riley's new refusal to provide the requested information may therefore constitute a violation of the Board's order to "[c]ease and desist from . . . refusing to furnish [the Union] with requested information that is relevant and necessary to" it. *Rieth-Riley*, 372 NLRB at 2. But we do not have sufficient information about Rieth-Riley's production to find the company in contempt at this time.

We therefore issue the accompanying order requiring Rieth-Riley to show cause as to why it should not be held in contempt regarding the Union's May 2025 request.

III.

For the foregoing reasons, we grant the Board's petition to adjudicate Rieth-Riley in civil contempt in part and order Rieth-Riley to show cause as to why it should not be held in contempt regarding the Union's May 2025 request. We issue the attached order in accordance with this opinion.